## United States District Court
### District of Massachusetts

———————————————————————  )
Ting Ji,                   )
   Plaintiff,       )
                           )
   v.                )  **Civil Action No.**
                           )  **06-10946-NMG**
Bose Corporation and White )
Packert, Inc.,             )
   Defendants.       )
———————————————————————  )

### MEMORANDUM & ORDER

**GORTON, J.**

  Three motions are pending in this case brought by plaintiff Ting Ji ("Ji"), a model whose photographs were taken by defendant White Packert ("White") and purchased by defendant Bose Corporation ("Bose") for use in advertising and selling its products.  The first motion was filed by Bose in November, 2008, seeking an award of attorney's fees and costs pursuant to 15 U.S.C. § 1117(a) or, alternatively, pursuant to 28 U.S.C. § 1927.  On April 28, 2009, seven months after the jury reached its verdict and 14 days after the Court entered judgment in favor of Ji (albeit in the amount of $10,000 on a claim for in excess of One Million Dollars), Bose filed a renewed motion for attorney's fees and costs.  The other pending motion was filed by Ji in April, 2009, seeking a new trial pursuant to Fed. R. Civ. P. 59(a).

## I.  **Background**

In her amended complaint filed in August, 2007, Ji alleged, inter alia, that Bose's use of her photographs constituted 1) false endorsement of her likeness in violation of § 43(a) of the Lanham Trademark Act of 1946 ("the Lanham Act"), Pub. L. No. 79-489, 60 Stat. 441 (codified as amended at 15 U.S.C. § 1125(a)), 2) an invasion of her right to publicity in violation of Fla. Stat. § 540.08, 3) a violation of her right to privacy and 4) a violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.[1]  On February 13, 2008, the Court issued an order in which it granted partial summary judgment in favor of Bose with respect to Ji's Lanham Act claim ("the February, 2008, Order").  Four months later, the Court denied a subsequent motion filed by Bose for summary judgment with respect to the outstanding claims against it and in September, 2008, the parties proceeded to trial.  A jury found that Bose had violated Ji's right to publicity and/or her right to privacy and awarded her $10,000 in damages.

## II.  **Legal Analysis**

### A.  **Motion for Attorney's Fees**

#### 1.  **Timeliness**

In her opposition to Bose's renewed motion for attorney's

---

[1] Ji also asserted claims against White which are not relevant to the discussion here.

fees, Ji argues that Bose's original motion was not timely brought because it was filed about nine months after this Court's entry of summary judgment on the Lanham Act claim.  Because Ji herself was not timely in raising that argument (as she failed to raise it in her opposition to Bose's original motion), she has waived her right to assert it.

### 2.   Attorney's Fees Pursuant to the Lanham Act

#### i.   Legal Standard

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  The decision of whether to award attorney's fees ultimately lies within the discretion of the court. Gillette Co. v. Norelco Consumer Prods. Co., 69 F. Supp. 2d 246, 267 (D. Mass. 1999).

Courts in the First Circuit have not expressly defined who may be considered a "prevailing party" capable of claiming attorney's fees under the Lanham Act.  Other courts have defined that term as "the party succeeding on a significant litigated issue that achieves some of the benefits sought by that party in initiating the suit," Montgomery v. Noga, 168 F.3d 1282, 1304 (11th Cir. 1999) (citation omitted), or "a party in whose favor a judgment is rendered," Kiva Kitchen & Bath Inc. v. Capital Distrib. Inc., 319 Fed. Appx. 316, 322 (5th Cir. 2009); see also Lorillard Tobacco Co. v. Engida, 556 F. Supp. 2d 1209, 1214 (D.

Colo. 2008) (a "prevailing party" is "a party [who] succeeds on any significant issue in a litigation").  Black's Law Dictionary similarly defines a "prevailing party" as "[a] party in whose favor a judgment is rendered."  Black's Law Dictionary 1154 (8th ed. 2004).

A party seeking to claim an award of attorney's fees must prove the existence of "exceptional" circumstances by clear and convincing evidence.  <u>Gillette</u>, 69 F. Supp. 2d at 267.  The "exceptional case" in which a prevailing <u>plaintiff</u> may recover attorney's fees occurs where the infringer's actions were "malicious, fraudulent, deliberate, or willful."  <u>Venture Tape Corp.</u> v. <u>McGills Glass Warehouse</u>, 540 F.3d 56, 64 (1st Cir. 2008) (citation omitted).

The First Circuit Court of Appeals has not defined the "exceptional case" for a prevailing <u>defendant</u>, however.  <u>Nat'l Nonwovens, Inc.</u> v. <u>Consumer Prods. Enters., Inc.</u>, 397 F. Supp. 2d 245, 259 (D. Mass. 2005).  Other courts of appeals have required a prevailing defendant to show "bad faith", "fraud", "oppressive behavior" or "something less", <u>id.</u> (collecting cases), but there are, in fact, "[a] rainbow of standards" that have been promulgated, <u>Yankee Candle Co., Inc.</u> v. <u>Bridgewater Candle Co., LLC</u>, 140 F. Supp. 2d 111, 120 & n.8 (D. Mass. 2001) (collecting cases), <u>aff'd</u>, 259 F.3d 25 (1st Cir. 2001) <u>and abrogated on other grounds by InvesSys, Inc.</u> v. <u>McGraw-Hill Cos., Ltd.</u>, 369 F.3d 16

(1st Cir. 2004).

Another session of this Court has examined a Senate Report on the Lanham Act, which was cited by the First Circuit Court of Appeals, and determined that the Report "suggests that something less than a strict standard of bad faith or frivolousness should guide the court's equitable discretion [with respect to a prevailing defendant]." Yankee Candle, 140 F. Supp. 2d at 120. To that end, it suggests that courts should consider "litigating conduct, ... plaintiff's use of groundless arguments, failure to cite controlling law and the generally oppressive nature of the case." Id. (citations and internal quotation marks and brackets omitted).

### ii.  Application

First, the Court must consider whether Bose is a "prevailing party" for purposes of § 1117(a) relief.  Bose claims that it fits the definition of that term because the Court allowed partial summary judgment in its favor on Ji's Lanham Act claim. Although this Court is unaware of any binding caselaw on point (i.e., a case involving a defendant prevailing prior to trial under the Lanham Act but then found liable for damages on other grounds by a jury), some caselaw does support Bose's argument. See, e.g., Silva v. Karlsen, 43 Fed. Appx. 486, 488 (3d Cir. 2002) (affirming award of attorney's fees under § 1117(a) to plaintiffs who succeeded on some but not all of their multiple

claims of violations of the Lanham Act); <u>Scotch Whisky Ass'n</u> v. <u>Majestic Distilling Co., Inc.</u>, 958 F.2d 594, 600 (4th Cir. 1992) (remanding case for an award of attorney's fees to a defendant who had prevailed at the summary judgment stage); <u>Post Office</u> v. <u>Portec, Inc.</u>, 913 F.2d 802, 812 (10th Cir. 1990) (affirming award of attorney's fees under § 1117(a) to a plaintiff who succeeded at trial on some claims, including false designation under the Lanham Act, but not others), <u>vacated on other grounds</u>, 499 U.S. 915 (1991); <u>Yankee Candle</u>, 140 F. Supp. 2d at 122 (awarding attorney's fees to a defendant who prevailed at the summary judgment stage on the plaintiff's Lanham Act claim but not on other claims that were later voluntarily dismissed before trial).

Ji responds that, because partial summary judgment is not a final judgment under Fed. R. Civ. P. 54(a), a party who prevails only on partial summary judgment cannot be considered a "prevailing party" under § 1117(a). She cites no law, however, in support of that argument. Moreover, for purposes of Fed. R. Civ. P. 54, a party who is only partially successful can be deemed a prevailing party with respect to those claims on which it succeeded. <u>See</u> 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2667.

Assuming for the moment that Bose could meet the threshold requirement of being a "prevailing party," it would also have to prove, by clear and convincing evidence, that this is an

"exceptional case" in which an award of attorney's fees is warranted.  Bose argues that this is such a case because, in its view, Ji's Lanham Act claim was meritless.  In support of that argument, Bose contends that only celebrities are protected under the Lanham Act and Ji is unquestionably not a celebrity. Although in its February, 2008, Order this Court found that "Ji has provided no direct evidence that she enjoys any fame whatsoever" and recognized that cases brought under that the Lanham Act are "traditionally limited to celebrity plaintiffs," Ji v. Bose Corp., 538 F. Supp. 2d 349, 351 (D. Mass. 2008), the First Circuit Court of Appeals has not clearly mandated that the Lanham Act is available only to celebrities, see Doe v. Friendfinder Network, Inc., 540 F. Supp. 2d 288, 306 (D.N.H. 2008).

Ji contends that so long as there is "some evidence" upon which a valid Lanham Act claim may be based, an award of attorney's fees is inappropriate.  See, e.g., Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc., 223 F.3d 1143, 1149 (10th Cir. 2000).  She notes that in its February, 2008, Order the Court evaluated her Lanham Act claim based upon eight factors, two of which it determined favored Ji. See Ji, 538 F. Supp. 2d at 353.[2]  Even though the Court concluded

---

[2] Ji incorrectly states in the memorandum supporting her motion for attorney's fees that this Court found that two of six factors weighed in her favor.

that the factors favorable to Ji were "<u>far</u> outweighed" by the other six factors, <u>id.</u>, it cannot be said that Ji's claim was entirely groundless.  That fact, particularly when coupled with Bose's ultimate loss at trial and the jury's determination that Ji's suit had some merit, convinces this Court to decline to exercise its discretion to award attorney's fees under the Lanham Act.

### 3.   Attorney's Fees Pursuant to 28 U.S.C. § 1927

Having rejected Bose's first basis for recovering attorney's fees, the Court turns to the second.  Section 1927 of Title 28 of the United States Code provides for the drastic sanction of requiring an attorney personally to satisfy excess attorney's fees incurred if he or she "multiplies the proceedings in any case unreasonably and vexatiously."  Bose argues that counsel for Ji should be so sanctioned because they failed to investigate the underlying facts and legal merits of the Lanham Act claim asserted in Ji's complaint and then continued to use the same unverified, underlying material in the prosecution of that claim which later proved to be at least partially inaccurate.

The First Circuit Court of Appeals has limited the availability of § 1927 relief to situations in which conduct affects "an already initiated proceeding," <u>see</u> <u>Jensen</u> v. <u>Phillips Screw Co.</u>, 546 F.3d 59, 65 (1st Cir. 2008), and is "more severe than mere negligence, inadvertence, or incompetence," <u>Cruz</u> v.

-8-

<u>Savage</u>, 896 F.2d 626, 632 (1st Cir. 1990).  In this case, Ji's attorneys claim that the facts relevant to the Lanham Act claim contained in the complaint were verified by Ji and based solely upon her personal knowledge.  Their failure "to vet [Ji] or investigate the bona fides of [her] claim" is not sanctionable under § 1927.  <u>Jensen</u>, 546 F.3d at 65.  Furthermore, by relying upon the same information in prosecuting the Lanham Act claim as in filing it, Ji's counsel cannot be said to have "multiplie[d]" the proceedings.  Section 1927 is, therefore, unavailing for Bose.

### B.   Motion for a New Trial

#### 1.   Legal Standard

Pursuant to Fed. R. Civ. P. 59(a), a district court has broad discretion to grant a new trial on some or all of the issues if a verdict appears to be "against the weight of the evidence."  <u>Gasperini</u> v. <u>Center for Humanities, Inc.</u>, 518 U.S. 415, 433 (1996) (citation omitted).  In particular, a court may grant a new trial on the issue of damages where a jury's award of damages is "outside the universe of possible awards."  <u>Phav</u> v. <u>Trueblood, Inc.</u>, 915 F.2d 764, 765 (1st Cir. 1990).  The Court must view the evidence in the light most favorable to the jury's verdict, mindful that a jury is "free ... to harmonize the verdict at the highest or lowest points for which there is a sound evidentiary predicate, or anywhere in between."  <u>Gil de</u>

Rebollo v. Miami Heat Ass'ns, Inc., 137 F.3d 56, 63 (1st Cir. 1998).

### 2.   Application

In support of her motion for a new trial, Ji argues that at trial her highly-qualified expert witness testified that the appropriate usage fee for a non-celebrity whose image was to be used in the manner that Bose used Ji's image should have been One to Two Million Dollars (based on an on-going royalty of one-half to one percent, where Bose sold merchandise worth $206 million using Ji's image).  Next, Ji argues that Bose's opposing witness testified that Bose would never have paid a usage fee or anything else above what it had actually paid Ji.  The jury was instructed to award sufficient damages, if any, to compensate Ji for what she "would have been paid for the uses to which Bose eventually put her image" (and Ji did not object to that instruction).  Ji concludes that a reasonable jury could have awarded either no damages or One to Two Million dollars and, thus, its award of $10,000 was outside the universe of possible awards.

Bose responds by describing numerous examples of trial evidence from which the jury could have calculated damages.  For example, Ji testified that she had been paid less than $3,000 for numerous modeling jobs that resulted in the use of her image nationally and that she had been considered, but not chosen, for a similar job that would have paid between $12,000 and $25,000.

Another model who had worked at the Bose photo-shoot with Ji testified that he had never been paid more than $7,500 for the national use of his image.

Accordingly, there was sufficient evidence from which a reasonable jury could have determined that Ji should be awarded $10,000, an amount within the range of past and similar compensation.  See Gil de Rebollo, 137 F.3d at 63.  Furthermore, the jury was free to disregard the expert testimony offered by Ji with respect to the usage fee.  Id. at 63-64.  Because it cannot be said that the jury's award of damages was outside the universe of possible awards, a new trial is unwarranted.


### ORDER

In accordance with the foregoing:

1)   Bose Corporation's original motion for an award of attorneys' fee and costs (Docket No. 197) and its renewed motion (Docket No. 208) are **DENIED** and

2)   Ting Ji's motion for a new trial (Docket No. 206) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated August 12, 2009